1  JOSEPH J. DE HOPE, JR. (SBN: 79271)
   jdehope@hinshawlaw.com
2  HINSHAW & CULBERTSON LLP
   One California Street, 18th Floor
3  San Francisco, CA 94111
   Telephone:   415-362-6000
4  Facsimile:   415-834-9070

5  Attorneys for Third Party
   MURRAY & MURRAY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| SOFTWARE RIGHTS ARCHIVE, LLC | ) Case No. Misc. Action C-09-80004 |
|---|---|
| Plaintiff, | ) Case No.: 2:07-cv-511 (CE) |
| vs. | ) EASTERN DISTRICT OF TEXAS |
| GOOGLE INC., YAHOO! INC., IAC SEARCH & MEDIA, INC., AOL, LLC AND LYCOS, INC. | ) OPPOSITION TO MOTION TO COMPEL COMPLIANCE WITH YAHOO! INC.'S SUBPOENA ON MURRAY & MURRAY PC |
| Defendants. | ) |

MURRAY & MURRAY, PC ("Murray") was served a subpoena by Yahoo! Inc. ("Yahoo!") on December 22, 2008. Murray responded and objected to the subpoena in a timely manner. Copies of the Yahoo! subpoena and Murray's response to same are attached as Exhibits A and B to Mr. De Hope's declaration.

Murray met its affirmative obligation to object to a subpoena seeking disclosure of privileged information by asserting the attorney client privilege, the work product privilege, the privacy rights of its client, similar privileges and immunities, and documents subject to non-disclosure agreements. (Business and Professions Code Section 6068(e); Evidence Code section 955; California Rules of Professional Conduct,

1
OPPOSITION TO MOTION TO COMPEL COMPLIANCE WITH YAHOO! INC.'S SUBPOENA ON MURRAY & MURRAY PC - CASE NO. 2:07-CV-511 (CE)

Dockets.Justia.com

Rule 3-100). MURRAY may not and has not disclosed client confidential information without the consent of Site Technologies, Inc. and/or any successor in interest.

Murray also objected due to the burdensome and expensive nature of the overly broad requests. Murray further objected to the requests to the extent they exceeded the agreed scope of discovery as set forth in the objections of plaintiff.

Without waiving its objections, Murray explained that all of the documents it has in its possession relating to the requests are documents maintained, obtained, prepared, and/or considered by or on behalf of MURRAY or are otherwise within the course and scope of its legal representation of the debtor in United States Bankruptcy Court, Northern District of California Case No. 99-50736. This demonstrates that the documents may not be produced for the reasons stated.

Murray understands that the parties to this extensive litigation, filed in several courts and jurisdictions, dispute the existence or extent of the privileges. Murray has been placed in an untenable position by these differing positions. If Murray complies with the subpoena and produces documents as requested, Murray is subject to a possible claim by its client or others claiming that the documents should not be produced. By asserting the privileges, Murray faces this motion to compel for failing to comply with the subpoena.

**Murray seeks guidance from this Court.** Murray asks the Court to determine whether there is an existing holder of the privileges, whether a holder of the privileges may be reinstated if there is no existing holder of the privileges, whether a person or entity will be appointed as the holder of the privileges or whether the privileges, in whole or in part, are irrevocably waived or no longer available to any person or entity that holds, ever held or may hereafter assert the privileges.

Further, as stated in the declaration of Joseph J. De Hope, Jr., filed herewith, the cost of complying with the subpoena is substantial and it is not fair to require that a third party incur these costs. If Murray is required to respond to the subpoena, it is respectfully

submitted that the cost of responding should be borne by the party requesting the documents.

DATED: March 24, 2009          HINSHAW & CULBERTSON LLP

_____
Joseph J. De Hope, Jr.
Attorneys for Third Party
MURRAY & MURRAY