1  MARK PARNES, State Bar No. (CA SBN 104775)
   mparnes@wsgr.com
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile: (650) 493-6811
5
   Attorneys for THIRD-PARTY
6  WILSON SONSINI GOODRICH & ROSATI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC, | CASE NO.: CV 09-8000 4 MISC. |
| | (Case No. 2:07-CV-511 (CE) JF pending in the Eastern District of Texas) |
| Plaintiff, | |
| v. | MEMORANDUM OF POINTS AND AUTHORITIES OF WILSON SONSINI GOODRICH & ROSATI IN OPPOSITION TO MOTION TO COMPEL BY YAHOO! INC. |
| GOOGLE INC., YAHOO! INC., IAC SEARCH & MEDIA, INC., AOL LLC, and LYCOS, INC., | |
| Defendants. | Date: April 17, 2009<br>Time: 9:00 a.m.<br>Courtroom: Courtroom 6, 4th Floor<br>Judge: Honorable Ronald M. Whyte |

-1-  3593546_1.DOC

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO COMPEL BY YAHOO! INC.

Dockets.Justia.com

Wilson Sonsini Goodrich & Rosati ("WSGR") submits the following opposition to Yahoo! Inc.'s ("Yahoo!") Motion to Compel pursuant to Local Rules 7 and 37.

### STATEMENT OF ISSUES TO BE DECIDED

Should WSGR be compelled to produce documents when it has not received consent to produce documents from a former client when it has a duty to maintain the confidentiality of client files under the Business and Professions Code, the Evidence Code and the California Rules of Professional Conduct.

### INTRODUCTION

WSGR is a third party custodian of client files of a former client, Site Technologies, Inc. ("Site Technologies"). WSGR, after receipt of the subpoena from Yahoo!, has been advised that Site Technologies is still in existence and is currently represented by Lee Kaplan of the firm of Smyser Kaplan & Veselka LLP. WSGR has also been advised by Richard Hung of Morrison & Foerster, counsel for Yahoo!, that Yahoo! disputes the corporate existence of Site Technologies, Inc. WSGR has a duty to maintain the confidentiality of former client information and assert the attorney client privilege unless advised otherwise by the former client or this Court. WSGR has received no instruction to produce documents from counsel for Site Technologies. Accordingly, WSGR will comply with the Court's determination whether (1) Site Technologies is in existence; (2) the attorney client privilege is in existence and; (3) documents should be produced.

### STATEMENT OF FACTS

Shortly after receipt of Yahoo!'s subpoena, WSGR had discussions with Richard Hung, counsel for Yahoo! and Lee Kaplan, counsel for Site Technologies. WSGR was advised by Mr. Hung that Yahoo! believed that Site Technologies was no longer a corporate entity based on a federal bankruptcy Final Decree and thus there was no entity to whom WSGR owed a duty of confidentiality and no attorney-client privilege that remained in existence. WSGR was advised by Mr. Kaplan that Site Technologies was still in existence under California state law, had never been dissolved and still maintained the attorney client privilege. WSGR, as a third party custodian of former client records, advised counsel for Yahoo! and Site Technologies that it could not breach its duty of confidentiality concerning the client files, or waive the attorney

client privilege unless (1) Site Technologies agreed or (2) a court ordered production. Counsel for Yahoo! and counsel for Site Technologies attempted to negotiate a resolution concerning document production but no agreement could be reached and this motion ensued.

## ARGUMENT

**1. WSGR Has a Duty to Maintain Confidentiality of Former Client Files Absent Client Consent to Production or Court Order**

The duty of confidentiality is fundamental to the attorney-client relationship:

> One of the principal obligations which bind an attorney is that of fidelity, the maintaining inviolate the confidence reposed in him by those who employ him, and at every peril to himself to preserve the secrets of his client . . . (T)his obligation is a very high and stringent one.

Flatt v. Superior Court (Daniel), 9 Cal 4th 275, 289 (1994) (internal quotes omitted). See also Business and Professions Code Section 6068(e)(1). California Rule of Professional Conduct 3-100(A) provides in relevant part "A member shall not reveal information protected from disclosure by Business and Professions Code Section 6068, subdivision (e)(1) without the informed consent of the client . . .". Thus, a California lawyer has a clear obligation to maintain as confidential information of a client or former client, unless released from that obligation by the client or former client or a court.

The public policy rationale for the lawyers' duty of confidentiality is succinctly stated in the comments to ABA Model Rule of Professional Conduct 1-6

> A fundamental principle in the client-lawyer relationship is that, in the absence of the client's informed consent, the lawyer must not reveal information relating to the representation. . . . This contributes to the trust that is the hallmark of the client-lawyer relationship. The client is thereby encouraged to seek legal assistance and to communicate fully and frankly with the lawyer as to embarrassing or legally damaging subject matter. The lawyer needs this information to represent the client effectively, and if necessary, to advise the client to refrain from wrongful conduct.

ABA Model Rule 1.6, comment (2).

In addition, WSGR has a separate duty to maintain, and assert, the confidentiality of attorney client privileged communications. See California Evidence Code Sections 954(c) and 955.

WSGR currently has in its possession client files of Site Technologies. Client files are owned by the client. California Rule of Professional Conduct 3-700(D). WSGR has been advised by counsel for Site Technologies that Site Technologies is still in existence under California state law and is asserting the attorney client privilege. Site Technologies has not given consent to WSGR to produce any client files.

Absent consent from Site Technologies, or order from this Court, WSGR has a duty under the Business and Professions Code, the Evidence Code, California court decisions and the California Rules of Professional Conduct to maintain the confidentiality of the client files and assert the attorney client privilege.[1]

## CONCLUSION

WSGR will comply with this Court's decision concerning the existence of Site Technologies, the existence of the attorney-client privilege and whether documents should be produced.

Dated: March 26, 2009

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Mark Parnes
      Mark Parnes

---

[1] WSGR requests that any order of the Court, to the extent it requires production of documents, 1) narrow the subpoena to issues of apparent relevance to the instant matter, i.e., based on Yahoo!'s motion, at most the transaction between Site Technologies and an entity known as Site/Technologies/Inc. (Libertech, Inc.) and the bankruptcy of Site Technologies, and 2) provide for adequate time for WSGR and counsel for Site Technologies to coordinate regarding any production and protection of attorney-client privileged documents.