**E-FILED on** 2/10/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC., YAHOO! INC., IAC SERCH AND MEDIA, INC., AOL LLC, and LYCOS, INC.,<br><br>Defendants. | 09-Misc. Action-80004 RMW<br><br>(No. 2:07-cv-511 (CE) pending in the Eastern District of Texas)<br><br>ORDER COMPELLING COMPLIANCE WITH YAHOO!'S SUBPOENAS<br><br>**[Re Docket Nos. 1, 6]** |

Yahoo! Inc. ("Yahoo!") seeks to compel the law firms of Wilson Sonsini Goodrich & Rosati ("Wilson") and Murray & Murray ("Murray") to comply with Yahoo!'s subpoenas seeking documents that Yahoo! claims are relevant to its standing defense. Specifically, Yahoo! contends that the documents are relevant to its claim that Software Rights Archive, LLC ("SRA") is not the assignee of the patents-in-suit, and, therefore, may not assert claims based upon those patents.[1] Yahoo! asserts that the true owner of the patents is the bankruptcy estate of Site Technologies.

---

[1] At oral argument on the motion Yahoo! also argued that the two law firms may have patent files which might contain documents related to infringement or invalidity. However, since the original moving papers only argued relevance pertaining to ownership, the court only addresses the discoverability of documents related to that subject matter.

ORDER COMPELLING COMPLIANCE WITH YAHOO!'S SUBPOENAS—09-Misc. Action-80004 RMW (No. 2:07-cv-511 (CE) pending in the Eastern District of Texas)
JAS

Wilson and Murray (bankruptcy counsel) represented Site Technologies during time periods relevant to SRA's alleged acquisition of the asserted patent rights.

Since the original filing of these motions to compel, the court in the Eastern District of Texas has rejected Yahoo!'s motion to dismiss for lack of standing. *Software Rights Archive, LLC v. Google, Inc.*, 2009 WL 901361 (E.D. Tex. 2009). Yahoo! nevertheless argues that discovery of the documents is still relevant as the ruling is not final and the documents may support a motion for reconsideration. Wilson and Murray have, relying on what they assert are their professional obligations, refused to produce the documents without a court order on the basis that the documents are privileged by the attorney-client privilege and are protected by the work product doctrine. SRA and Egger oppose the motion on the bases that the standing issue has already been fully discovered and further discovery is unnecessarily burdensome. For the reasons stated below, the court grants Yahoo!'s motions to compel to a limited extent.

## I. ANALYSIS

The subpoenas on Wilson and Murray seek documents which are relevant to Yahoo!'s standing defense. Wilson represented Site Technologies in the 1997 stock exchange agreement and in December 2000 when the company was in bankruptcy proceedings. Murray represented Site Technologies, Inc. in the bankruptcy proceeding. Although there is some merit to SRA's contention that Google! had full discovery on the issue of standing and did not even seek the subpoenaed records prior to the submission of the motion to dismiss in the Eastern District of Texas, the court finds that the two law firms may well have documents relevant to the standing issue. This potential relevance of the documents outweighs SRA's claim that the subpoenas are late and the discovery will create an undue burden on SRA because it will have to participate in this additional discovery.

The parties also dispute whether a dissolved corporation may invoke the attorney-client privilege and whether Site Technologies is a dissolved corporation. Although the issue is not clearly settled, the applicable cases suggest that a dissolved corporation cannot assert the attorney-client privilege. *See, e.g., City of Rialto v. U.S. Dep't of Defense*, 492 F.Supp.2d 1193, 1199 (C.D.Cal.2007) (concluding that a dissolved corporation may not assert the attorney-client privilege); *Gilliland v. Geramita*, No. 2:05-CV-01059, 2006 WL 2642525, at *4 (W.D.Pa. Sept. 14,

2006) (noting that "there should be a presumption that the attorney-client privilege is no longer viable after a corporate entity ceases to function, unless a party seeking to establish the privilege demonstrates authority and good cause," and concluding that "counsel has no duty to assert the privilege on behalf of a non-functioning corporation"); *Lewis v.. United States*, No. 02-2958B/AN, 2004 WL 3203121, at *4 (W.D.Tenn.2004)(concluding that the "attorney-client privilege cannot be applied to a defunct corporation" where the corporation "is bankrupt and has no asserts, liabilities, directors, shareholders, or employees"); *In re JMP Newcor Int'l, Inc.*, 204 B.R. 963, 964, (Bankr.N.D.Ill.1997) (distinguishing between the attorney-client privilege, which belongs to the client and ceases to exist when the corporate client dissolves, and the work-product doctrine, which "belongs to both the attorney and the client" and continues after the conclusion of litigation). The court concludes that a dissolved or non-functioning corporation may not assert the attorney-client privilege. Although there is some question as to the exact status of Site Technologies, it appears clear that it is defunct and, if not technically dissolved, dissolved for all practical purposes. It also appears that there is no one who can assert the privilege on behalf of Site Technologies. The attorney-client privilege, where it exists, belong to the client, not the attorney.[2]

The work product doctrine may protect documents from disclosure and the attorney, as well as the client, does have standing to assert it even if the client does not. Here, neither Wilson nor Murray prepared a privilege log or otherwise itemized those documents they claim are protected by the work product doctrine. If they wish to do so, they must prepare a list of those documents and submit them for *in camera* review if they cannot agree with Yahoo! on the disclosure of documents claimed to be so protected.

In a post-hearing brief, SRA raises the argument that the attorney-client privilege transferred to Egger in the 1998 assignment of assets. SRA cites *Soverain Software LLC v. Gap, Inc.*, 340 F. Supp. 2d 760 (E.D. Tex. 2004), which holds that while transfer of some assets or a single patent does not transfer the attorney-client privilege, the "transfer of control of the business and the continuation of the business under new management" does pass with it the authority to assert the

---

[2] The court suspects that the majority of documents held by Wilson and Murray never were confidential attorney-client documents or documents subject to work product protection.

ORDER COMPELLING COMPLIANCE WITH YAHOO!'S SUBPOENAS—09-Misc. Action-80004 RMW (No. 2:07-cv-511 (CE) pending in the Eastern District of Texas)
JAS                                     3

attorney-client privilege. *Id.* at 763. SRA submits the Bill of Sale, which describes various other assets, including licenses, physical assets (e.g., CD-ROMS), and goodwill, that were also included in the 1998 assignment. SRA fails to provide sufficient facts to support a contention that control of an ongoing business was transferred to new management under the 1998 assignment agreement. Indeed, the Bill of Sale appears limited to transferring the patents and related assets, but not, as SRA contends, "all of Site Tech's V-search business."

The court does find that the document requests are overbroad and unduly burdensome, particularly given the relevance is limited to the ownership of the patents. There is no indication that discovery of electronically stored documents will reveal any relevant information not otherwise available. Therefore, the court compels compliance with the subpoenas only to the extent set forth in the order below. For example, Yahoo!'s proposed Document Request No. 1 requests "All documents relating to the bankruptcy of Site Technologies . . ." and Document Request No. 2 requests "All documents relating to Site/Technologies/Inc."

### III. ORDER

For the foregoing reasons, the court grants Yahoo!'s motions to compel limited to the following documents:

1. All documents relating to the bankruptcy of SITE TECHNOLOGIES including the ownership, transfer, or assignment of the patents-in suit or related patents or patent applications and all documents relating to the preparation of any schedules, plans, disclosure statements, and claims by or against SITE TECHNOLOGIES.

2. All documents relating to the merger of SITE TECHNOLOGIES and SITE/TECHNOLOGIES/INC., including any merger in December 2000.

3. All documents relating to the ownership of the patents -in-suit or any related patent or patent application.

4. All documents relating to any actual or attempted conveyance, assignment, license, or other transfer of any rights, including without limitation, transfer by operation of law, in the patents-in-suit and any related patents or applications, including but not limited to any Bill of Sale,

Assignment and License Agreement between SITE TECHNOLOGIES and DANIEL EGGER dated September 16,1998.

5. All documents relating to the corporate status of SITE TECHNOLOGIES subsequent to January 1, 1996 including any reactivation attempted or effected.

6. All documents relating to the stock Purchase Agreement between SITE/TECHNOLOGIES/INC. and SITE TECHNOLOGIES dated July 11, 1997 and any schedules related thereto.

7. All documents relating to the corporate governance, structure, and management of SITE TECHNOLOGIES and SITE/TECHNOLOGIES/INC. including by-laws, corporate charters, proxy materials, and board of director minutes.

No search of electronically stored documents has to be made in order to comply with this order absent further order following a showing that Yahoo! has a good faith belief that particular relevant documents not otherwise made available are electronically stored.

The parties are to agree on a date by which the documents will be made available to YAHOO! and, if they cannot agree, they are to submit their respective proposals for a production date deadline to the court and court will determine the date.

DATED: 2/9/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Defendants:**

Richard S.J. Hung        rhung@mofo.com
Michael A. Jacobs        mjacobs@mofo.com

**Counsel for Murray & Murray, PC:**

Joseph J. De Hope , Jr.        jdehope@hinshawlaw.com

**Counsel for Wilson Sonsini Goodrich & Rosati, PC:**

Mark Gregory Parnes        mparnes@wsgr.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**        2/10/10                                                    CCL
                                                                **Chambers of Judge Whyte**